*15 OPINION.
MuRdock :
The petitioner concedes that there was a reorganization of Seven Eleven Fifth Avenue, Inc., within the meaning of that term as defined in section 112 (g) (1) (D) of the Revenue Act of 1934, in that there was a recapitalization. Section 112 (b) (3) provides that “Ho gain or loss shall be recognized if stock or securities in a corporation a party to a reorganization are, in pursuance of the plan of reorganization, exchanged solely for stock or securities in such corporation.” That provision exactly covers the transactions participated in by the present petitioner. It held before the reorganization all of the capital stock and a demand promissory note of the reorganized corporation. The petitioner does not contend that the promissory note was not “securities” within the meaning of that term as used in the above provision. It surrendered the stock and the notes, pursuant to the plan of reorganization, and received in exchange new stock of the reorganized corporation. The conclusion, that no gain or loss shall be recognized to the petitioner on the transaction, seems inevitable.
*16 The petitioner contends that the surrender by it of one-fourth of the stock and the amount due on the note was not an “exchange”, since the petitioner was required to make that surrender in order to induce others to assist the corporation through financial difficulties and since it received no tangible consideration of determinable value for the surrender. It argues that the reorganization through recapitalization was an incident which necessarily took place prior to the surrender of one-fourth of the stock and, therefore, the loss does not come within the nonrecognition provisions of section 112. A reorganization under section 17 (b) of the Federal Bankruptcy Act may differ materially from a reorganization through recapitalization within the meaning of section 112 (g) (1) (D). Here, however, the distribution of the new stock, 40 percent to the bondholders and 60 percent to the petitioner, was an essential part of the plan of reorganization through recapitalization, within the meaning of section 112. The reclassification of the stock can not be separated from its distribution. The evidence shows that the petitioner exchanged its old stock and the debt due it for 60 percent of the new stock. These steps bring the transaction squarely within the provisions of section 112 (b) (3). Edith M. Greenwood, 41 B. T. A. 664. The cases which the petitioner cites are all right, as far as they go, but they do not go far enough for the petitioner’s purpose.
The petitioner argues that its loss was not a capital loss and, therefore, was not limited to a deduction of $2,000. The respondent does not mention that point in his brief, but he does contend that the petitioner would not be entitled to any deduction on the showing which it has made, even if there were no reorganization and nonrecognition provisions in the revenue act. The petitioner has failed to prove its basis for gain or loss on the shares. It has failed to prove that the debt in question had any value at the beginning of the taxable year. There is evidence which raises serious doubt as to whether or not it had any value at the beginning of the year. The respondent argues that 60 percent of the new stock represents the amount realized from the exchange and the value of that stock, an essential element in the computation of any gain or loss, has not been shown. He contends also that any loss would be subject to adjustments, in amounts not disclosed in the record, since consolidated returns were filed in which losses of the subsidiary were offset against income of the petitioner. See Regulations 89, arts. 39 and 40. These questions, which would otherwise be important, are not so here, where the petitioner is not entitled to any loss by reason of section 112 (b) (3).

Decision will be entered for the respondent.